**UNITED STATES DISTRICT COURT**
**DISTRICT OF JERSEY (NEWARK)**

---------------------------------------------------------------------- X
:
WORLDWIDE LOGISTICS LTD.,                              : Case No.
:
Plaintiff,           :
:
– against –                                                            : **VERIFIED COMPLAINT**
:
SUNLINK CORPORATION, *in personam*,                    :
and the cargo consisting of parts and/or components of :
solar panel equipment manufactured by Wuxi Huishan    :
Metalwork Technology Co. Ltd., *in rem*,              :
:
Defendants.          :
:
---------------------------------------------------------------------- X

Plaintiff WORLDWIDE LOGISTICS LTD. ("Worldwide"), by and through its attorneys Nicoletti Hornig & Sweeney, as and for its Verified Complaint herein against Defendant SUNLINK CORPORATION ("Sunlink"), respectfully alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This action is within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and presents an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this Court because tangible personal property of Defendant Sunlink, to wit, certain cargo consisting of the parts and/or components of solar panel equipment manufactured by Wuxi Huishan Metalwork Technology Co. Ltd., shipped from Shanghai, China to the United States (the "Cargo"), is located within this District and, more particularly, in the possession of Worldwide and/or its designated custodian in Port Newark, New Jersey.

3. Further, upon information and belief, tangible or intangible personal property of Defendant Sunlink is or soon will be in the possession of garnishees who are or soon will be located within this District. As set out in the accompanying Declaration of Val Wamser, Esq. in Support of Issuance of Process of Maritime Attachment and Garnishment, Defendant Sunlink cannot be found within this District within the meaning of Supplemental Rule B and Local Admiralty and Maritime Rule (b).

## PARTIES

4. At all material times, the Plaintiff Worldwide was and still is a domestic business entity, duly organized and existing under and by virtue of the laws of the State of New Jersey, with an office and principal place of business at 80 Route 4 East, Suite 410, Paramus, New Jersey.

5. At all material times the Plaintiff Worldwide was and is a freight forwarder, also known as a non-vessel operating common carrier (NVOCC).

6. At all material times, Defendant Sunlink was and is a corporation organized under, and existing pursuant to, the laws of Delaware, with a principal place of business located at 2 Belvedere Place, Suite 210, Mill Valley, California, and a warehouse and training center located at 2131 Williams Street, San Leandro, California.

## FACTUAL BACKGROUND

7. Sometime prior to October 6, 2018, Defendant Sunlink entered into a contract (hereinafter the "Agreement," which is hereby incorporated by reference) with Worldwide for Worldwide to provide certain international ocean freight forwarding and customs house brokerage services for Sunlink and for Worldwide to extend credit to Defendant Sunlink for thirty days following the performance of such services.

8. At all material times, Worldwide has continued to provide international ocean freight forwarding services and customs house brokerage services to Sunlink pursuant to the Agreement with respect to numerous international ocean shipments of cargo.

9. Worldwide has duly performed all of the services and actions set forth in the Agreement on its part to be performed and in accordance with the terms therein, except as executed by waiver or estoppel on the part of Defendant Sunlink.

10. In accordance with the compensation provisions in the Agreement, Worldwide has issued numerous invoices, between October 6, 2018 and the present date, for its services and actions performed under the Agreement, which are hereby incorporated by reference.

11. As of this date, the balance owed for Worldwide's services including the aforementioned invoices is an amount no less than $498,829.58 as near as can now be estimated.

12. Further, the Agreement provides that delinquent accounts are subject to a monthly service charge of 1.5%.

13. Worldwide has demanded payment from Defendant Sunlink for the balance owed by Sunlink for Worldwide's aforementioned services performed under the Agreement, but Sunlink has failed to pay said balance in breach of the Agreement.

## COUNT I

## BREACH OF CONTRACT

14. Plaintiff repeats and realleges Paragraphs 1 through 13 as if fully set forth herein at length.

15. Plaintiff Worldwide has substantially performed each and all of its obligations, actual and implied, under the Agreement and related agreements.

16. Defendant is in breach of the Agreement and related agreements in that it has failed to compensate plaintiff for the services rendered under the Agreement and related agreements.

17. In accordance with the Agreement and related agreements, the total amount of $498,829.58, plus attorneys' fees and costs, together with interest from the date of breach, remains due and owing by Defendant to Plaintiff.

18. Plaintiff has demanded payment for the outstanding balance owed from Defendant but Defendant has refused to tender payment.

19. As a result of Defendant Sunlink's breaches of the Agreement and related agreements, Plaintiff Worldwide has suffered loss and damages of $498,829.58, as best as can now be estimated.

20. Plaintiff is entitled to recover from Defendant an amount no less than $498,829.58, plus interest, costs, disbursements and attorneys' fees.

## COUNT II

### RULE B RELIEF – PROCESS OF MARITIME ATTACHMENT

21. Plaintiff repeats and realleges Paragraphs 1 through 20 as if fully set forth herein at length.

22. This cause of action is brought under Supplemental Admiralty Rule B in respect of Plaintiff Worldwide's claim *in personam* against Defendant Sunlink, including for unpaid ocean freight.

23. Defendant Sunlink's breaches of the Agreement and related agreements create a maritime lien on the Cargo consisting of, *inter alia*, the parts, and/or components of one or more solar panels, in whole or in part.

24. As a result of Defendant Sunlink's breaches of the Agreement and related agreements, Plaintiff Worldwide has suffered loss and damages of $498,829.58, as best as can now be estimated.

25. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

26. As best as can now be estimated, Worldwide expects to recover $498,829.58 for its principal claim, storage and loading/unloading costs, interest, and attorneys' fees and expenses. Worldwide reserves the right to increase the amount claimed should the amount set forth herein be insufficient to fully secure Worldwide's claim.

27. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of the garnishees in this District.

## **COUNT III**

## **RULE C RELIEF – MARITIME LIEN ON CARGO**

28. Plaintiff repeats and realleges Paragraphs 1 through 27 as if fully set forth herein at length.

29. This cause of action is brought under Supplemental Admiralty Rule C in respect of Plaintiff Worldwide's claim *in rem* against the Cargo as a result of unpaid ocean freight.

30.     Defendant Sunlink breached the Agreement and related agreements by failing to remit payment for Worldwide's freight forwarding services with respect to the subject shipments of cargo.

31.     Defendant Sunlink's breaches of the bills of lading create a maritime lien on the Cargo.

32.     As a result of Defendant Sunlink's breaches of the Agreement and related agreements, Plaintiff Worldwide has suffered loss and damages of $498,829.58, as best as can now be estimated.

**WHEREFORE**, Plaintiff Worldwide Marine Co., Inc. prays that the Court:

(a)     Issue warrant(s) *in rem* pursuant to Supplemental Admiralty Rule C for the arrest of the Cargo consisting of principally the parts and/or components of solar panel equipment, in whole or in part, and that all persons claiming interest in the Cargo be cited to appear and answer the matters stated herein;

(b)     Issue process of maritime attachment and garnishment pursuant to Supplemental Admiralty Rule B (and the New Jersey State law remedies permissible under Rule B(e)) to attach the tangible and intangible property of Defendant Sunlink if the Defendant cannot be found within this District;

(c)     Specially appoint and authorize, pursuant to Rule B(1)(d)(ii)(C) and Rule C(3)(b)(ii)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, Nicoletti Hornig & Sweeney, through its employees and/or agents who are not less than eighteen years of age, and who are not parties to this action, to serve the process of

maritime attachment and garnishment and any supplemental process, and warrant of arrest;

(d) Condemn and sell the Cargo consisting of principally the parts and/or components of solar panel equipment manufactured by Wuxi Hishan Metalwork Technology Co. Ltd., in whole or in part, to satisfy the judgment;

(e) Condemn and sell the tangible and intangible property of Defendant Sunlink to satisfy the judgment; and

(f) Award such other and further relief as the Court may deem just, equitable, and proper.

Dated: Hackensack, New Jersey
January 21, 2018

NICOLETTI HORNIG & SWEENEY
*Attorneys for Worldwide Logistics Ltd.*

By: /s/ Val Wamser
Val Wamser, Esq.
505 Main Street, Suite 106
Hackensack, New Jersey 07601-5928
Tel: 201-343-0970
E-mail: vwamser@nicolettihornig.com
Reference No. 00001339 JFS/WMF

## VERIFICATION

STATE OF NEW JERSEY         }
                            ss:
COUNTY OF BERGEN

Lisa Spano, being duly sworn, deposes and says:

I am the Chief Operating Officer of Worldwide Logistics Ltd. ("Worldwide"), the Plaintiff herein. I have read the foregoing Complaint and know the contents thereof and the same is true of my own knowledge, except as to the matters therein stated upon information and belief and as to those matters I believe them to be true.

The reason I make this verification is that Worldwide is a corporation and I am an officer thereof, to wit its Chief Operating Office.

The sources of my information and the grounds of my belief as to all matters not stated in the Complaint to be alleged upon my own knowledge are reports made to me by employees, surveyors, investigators, and/or witnesses, and the records of the corporation.

_____
Lisa Spano
Chief Operating Office
Worldwide Logistics Ltd.

Sworn to before me this
21st day of January, 2019

CAITLIN M. MONAGHAN
NOTARY PUBLIC OF NEW JERSEY
Comm. # 50042215
My Commission Expires 7/30/2021

_____
Notary Public

T:\vw\0-1339.Complaint.1.21.19.docx